Citation Nr: 1456943 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-17 184 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Louis, Missouri


THE ISSUE

Entitlement to service connection for degenerative joint disease of the hands. 


REPRESENTATION

Appellant represented by: Missouri Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Harold A. Beach, Counsel

INTRODUCTION

The Veteran retired in November 1990, after more than 20 years of active, honorable service in the United States Air Force.

This case was previously before the Board of Veterans' Appeals (Board) in July 2014, when it was remanded for further development. Following the requested development, the VA Appeals Management Center in Washington, D.C. confirmed and continued the denial of entitlement to service connection for degenerative joint disease of the hands. (Degenerative joint disease is synonymous with osteoarthritis. Greyzck v. West, 12 Vet. App. 288. 291 (1999)). Thereafter, the case was returned to the Board for further appellate action.

In May 2014, during the course of the appeal, the Veteran had a hearing at the RO before the Veterans Law Judge whose signature appears at the end of this decision. The Veterans Law Judge explained the issue fully and suggested the submission of evidence that the Veteran may have overlooked and that would be advantageous to his position. See Bryant v. Shinseki, 23 Vet. App. 488 (2010). In this regard, the Veterans Law Judge left the record open for 30 days, so that the Veteran could submit additional evidence to support his claim. As such, the conduct of the hearing was performed in accordance with the provisions of 38 C.F.R. § 3.103(c)(2). Therefore, there was no prejudice to the Veteran's claim as a result of the conduct of that hearing. See Bryant, 23 Vet. App. at 498 (citing to 38 U.S.C. § 7261(b)(2); Shinseki v. Sanders, 129 S. Ct. 1696, 1704 (2009)).


FINDING OF FACT

Degenerative joint disease of the hands was first manifested many years after the Veteran's retirement from the service, and the preponderance of the evidence is against a finding that it is in any way related to service.



CONCLUSION OF LAW

Degenerative joint disease of the hands is not the result of disease or injury incurred in or aggravated by service, nor may it be presumed to have been so incurred. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The VA's Duties to Notify and Assist

Prior to consideration of the merits of the appeal, the Board must determine whether the VA has met its statutory duty to notify and assist the appellant in the development of his claim of entitlement to service connection for degenerative joint disease of the hands. After reviewing the record, the Board finds that the VA has met that duty.

After the claim was received, the RO advised the Veteran by letter of the elements of service connection and informed him of his and VA's respective responsibilities for obtaining relevant records and other evidence in support of his claim. The duty to notify is satisfied. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Dingess/Hartman, 19 Vet. App. 473 (2006).

VA's duty to assist the Veteran in the development of his claim includes helping claimants to obtain service treatment records (STRs) and other pertinent records, including private medical records (PMRs). See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The claims file contains the Veteran's STRs, PMRs, and VA medical records (VAMRs). The duty to obtain relevant records is satisfied. See 38 C.F.R. § 3.159(c).

The VA's duty to assist also includes providing a medical examination and/or obtaining a medical opinion when necessary to make a decision on the claim, as defined by law. 38 U.S.C.A. § 5103A; 38 C.F.R. §§ 3.159(c)(4), 3.326(a) (2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006). Appropriate VA medical inquiry has been accomplished and is factually informed, medically competent and responsive to the issues under consideration. Monzingo v Shinseki, 26 Vet. App. 97 (2012); Barr v. Nicholson, 21 Vet. App. 303 (2007). 

In sum, the Veteran has been afforded a meaningful opportunity to participate in the development of his appeal. He has not identified any outstanding evidence which could support his claim; and there is no evidence of any VA error in notifying or assisting the Veteran that could result in prejudice to him or that could otherwise affect the essential fairness of the adjudication. Accordingly, the Board will proceed to the merits of the appeal.

Analysis

The Veteran contends that the degenerative joint disease of his hands is the result of the physical rigors of his lengthy service. He notes that he reported it at the time of his retirement examination. He states that he has continued to have problems with his hands since that time, and that service connection for degenerative joint disease of the hands is, therefore, warranted. However, after carefully considering the claim in light of the record and the applicable law, the Board is of the opinion that the preponderance of the evidence is against that claim. 

Service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131. Generally, the evidence must show (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. See Cuevas v. Principi, 3 Vet. App. 542 (1992). 

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word chronic. When the disease identity is established, there is no requirement of evidentiary showing of continuity. 38 C.F.R. § 3.303(b). 
Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. Id. 

For certain disabilities, such as arthritis, service connection may be presumed when such disability is shown to a degree of 10 percent or more within one year of the Veteran's discharge from active duty. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Such a presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. § 1113; 38 C.F.R. § 3.307. 

In addition to the foregoing, the applicable law and regulations permit service connection for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

The Veteran is competent to report what he experienced during and since the conclusion of his service. For example, he is competent to report that he began having bilateral hand pain at the time of his retirement from the service and that it has continued to be a problem since that time. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). In certain instances, lay evidence can be competent and sufficient to establish a diagnosis of a condition. King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2012) (the Federal Circuit Court discussing 38 U.S.C.A. § 5107(b), 38 C.F.R. § 3.307(b), and its prior holdings in Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006); Jandreau v. Nicholson, 492 F.3d 1372, 1376 (Fed. Cir. 2007); and Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009)). Such cases may occur under the following circumstances: (1) when a layperson is competent to identify the medical condition, (2) when a layperson is reporting a contemporaneous medical diagnosis, or (3) when a lay person describes symptoms which are subsequently diagnosed by a medical professional. See Jandreau, supra. 

Although the Veteran argues that his current arthritis of the hands is the result of the physical rigors of his lengthy service career, the question of whether arthritis may be related to such activity involves a medical issue. The question of etiology may not be competently addressed by lay evidence. See Davidson, 581 F.3d at 1316 . As will be discussed below, his lay assertion has been investigated by competent medical examination and found not supportable. Jandreau, 492 F.3d at 1376-77 . 

The report of the Veteran's September 1969 service entrance examination and his service treatment records are negative for any complaints or clinical findings of a chronic, identifiable disorder in either hand. During his July 1990 service retirement examination, the Veteran reported stiffness in the fingers of both hands. However, he acknowledged that he had not consulted a physician for that problem. The examiner noted no complications or sequelae, and, on examination, the Veteran's upper extremities were found to be normal. 

Although the Veteran initially claimed service connection for arthritis of the hands in November 1996, that disorder was not clinically established until January 2004, when the evidence suggested that he had arthritis of the right ring finger. Although he maintains that it was first manifested by his complaints during his service retirement examination, he has presented no competent evidence to substantiate his contentions. In fact, X-rays of the Veteran's hands, taken during a May 1997 VA examination, were completely negative for arthritis. 

The normal medical findings at the time of separation from service, as well as the absence of any medical records of a diagnosis or treatment for more than 13 years after service is probative evidence against the claim. See Mense v. Derwinski, 1 Vet. App. 354, 356 (1991) (affirming Board where it found that veteran failed to account for the lengthy time period after service for which there was no clinical documentation of low back condition); see also Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (A prolonged period without medical complaint can be considered, along with other factors concerning a claimant's health and medical treatment during and after military service, as evidence of whether an injury or a disease was incurred in service which resulted in any chronic or persistent disability.); Forshey v. West, 12 Vet. App. 71, 74 (1998), aff'd sub nom. Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (noting that the definition of evidence encompasses "negative evidence" which tends to disprove the existence of an alleged fact). Nevertheless, in January 2004 and October 2014, the VA re-examined the Veteran to determine if there was a nexus between his complaints in service and his current diagnosis of arthritis of the hands. 

After reviewing the record, and interviewing and examining the Veteran, the January 2004 and October 2014 VA examiners reached the same conclusion - that it was less likely than not that the appellant's arthritis of the hands was due to any incident or event in service. Given the length of time and the progress of the disease, the examiners agreed that it was a normal part of the aging process. 

Absent evidence of a chronic, identifiable disorder of the hands in service or competent evidence of a nexus between the appellant's arthritis of the hands and service, the Veteran does not meet the criteria for service connection. Accordingly, service connection for arthritis of the hands is not warranted, and the appeal is denied. 

In arriving at this decision, the Board has considered the doctrine of reasonable doubt. However, that doctrine is only invoked where there is an approximate balance of evidence which neither proves nor disproves the claim. In this case, the preponderance of the evidence is against the Veteran's claim. Therefore, the doctrine of reasonable doubt is not applicable. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2014). 


ORDER

Entitlement to service connection for degenerative joint disease of the hands is denied. 



____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs