Citation Nr: 1542447 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 13-32 323 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a left ankle disorder.

2. Entitlement to service connection for a right ankle disorder.

3. Entitlement to service connection for a left knee disorder.

4. Entitlement to service connection for a left wrist disorder.


REPRESENTATION

Veteran is represented by: North Carolina Division of Veterans Affairs


ATTORNEY FOR THE BOARD

C. Banister, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from August 1997 to September 1997 and from February 2003 to March 2005. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Board remanded the appeal in March 2014 for additional development which has since been completed.


FINDINGS OF FACT

1. A left ankle disorder is not shown to be related to the Veteran's active military service.

2. The medical evidence of record does not show a current diagnosis of a right ankle disorder.

3. The medical evidence of record does not show a current diagnosis of a left knee disorder.

4. The medical evidence of record does not show a current diagnosis of a left wrist disorder.


CONCLUSIONS OF LAW

1. A left ankle disorder was not incurred in or aggravated by the Veteran's active military service. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303 (2015).

2. A right ankle disorder was not incurred in or aggravated by the Veteran's active military service. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303 (2015).

3. A left knee disorder was not incurred in or aggravated by the Veteran's active military service. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303 (2015).

4. A left wrist disorder was not incurred in or aggravated by the Veteran's active military service. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has a duty to notify and assist veterans in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.3216(a) (2015).

Proper notice from VA must inform the veteran of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the veteran is expected to provide. Quartuccio v. Principi, 16 Vet. App. 183 (2002). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). The notice requirements apply to all five elements of a service connection claim, including: (1) veteran status; (2) existence of a disability; (3) a connection between the appellant's service and the disability; (4) degree of disability; and (5) effective date of the disability. 38 U.S.C.A. § 5103(a); 38 C.F.R. 3.159(b); see also Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486.

The RO's May 2010 letter to the Veteran contained the requisite notice. Id. Further, the purpose behind the notice requirement has been satisfied because the Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claim, including the opportunity to present pertinent evidence. See Pelegrini, 18 Vet. App. at 120.

In addition, the duty to assist the Veteran has been satisfied in this case. The RO obtained the Veteran's service treatment records and all identified VA treatment records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In March 2014, the Board remanded the above-captioned claims for further development. Specifically, the Board directed the RO to attempt to obtain private treatment records from 2009 and 2010. While in remand status, the RO requested that the Veteran identify any treatment providers from whom he received treatment for a knee, ankle, or wrist disorder; however, the Veteran did not respond. While VA has a duty to assist the Veteran in developing evidence pertinent to a claim, the Veteran also has a duty to assist and cooperate with VA in developing evidence. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) (noting that VA's duty to assist veterans is not always a "one-way street"). Accordingly, the Board finds that VA has made a reasonable effort to obtain the Veteran's post-service treatment records and substantially complied with that portion of the March 2014 remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). There is no indication that additional evidence relevant to the issues being decided herein are available and not part of the record. See Pelegrini, 18 Vet. App. at 116.

In September 2010, the Veteran underwent a VA examination with respect to his service connection claim for a left ankle disorder. In the March 2014 remand, the Board directed the RO to provide the Veteran with another VA examination and obtain an opinion as to whether any of the above claimed disabilities are related to service. The record shows that the RO scheduled the Veteran for a VA examination in May 2015; however, the Veteran did not appear. In June 2015, the Veteran stated over the telephone that he had an appointment scheduled for May 2015, and he wished to reschedule it. The record shows that the Veteran was reportedly aware of the date of his VA examination when he asked to reschedule it over a month after failing to appear. Furthermore, neither the Veteran nor his representative has asserted that he was not properly notified of the scheduled examination. Therefore, the Board finds that VA has made a reasonable effort to provide the Veteran with a wholly adequate examination and has substantially complied with that portion of the March 2014 remand directives. See Stegall, 11 Vet. App. at 271. Moreover, as the evidence of record does not show good cause for the Veteran's failure to appear for the May 2015 VA examination, the claims will be decided based on the evidence already of record. See 38 C.F.R. § 3.655(b) (2015). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this claim, the Board finds that any such failure is harmless. See Mayfield, 20 Vet. App. at 542-43; see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency and clarifying that the burden of showing that an error is harmful or prejudicial normally falls upon the party attacking the agency's determination); Fenstermacher v. Phila. Nat'l Bank, 493 F.2d 333, 337 (3d Cir. 1974)("[N]o error can be predicated on insufficiency of notice since its purpose had been served."). 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred during service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d); Cosman v. Principi, 3 Vet. App. 503, 505 (1992). 

In order to establish direct service connection for a disability, there must be: (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of a disease contracted, an injury incurred, or an event witnessed or experienced in active service; and (3) competent evidence of a nexus or connection between the disease, injury, or event in service and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); see Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Pond v. West, 12 Vet. App. 341, 346 (1999).

I. Left Ankle Disorder

The evidence of record contains a current diagnosis of a left ankle strain. See Degmetich v. Brown, 104 F.3d 1327, 1333 (Fed. Cir. 1997) (holding that the existence of a current disability is the cornerstone of a claim for VA disability compensation). 

With respect to an in-service event or injury, service treatment record show that in May 2003, the Veteran reported twisting his ankle three days earlier. The diagnosis was a left ankle sprain, and the Veteran was placed on a profile and received a prescription for 800-miligram ibuprofen. An April 2003 physical therapy record indicates that the Veteran was advised to perform strengthening exercises and was limited to sedentary activity for one to two weeks. Subsequent service treatment records show no additional complaints of or treatment for a left ankle disorder.

With respect to a nexus or connection between the Veteran's current left ankle strain and service, the evidence of record consists of the Veteran's statements, VA treatment records, and a September 2010 opinion of a VA examiner.

The Veteran has not specifically stated that he consistently experienced left ankle pain since the in-service injury. However, assuming that is the Veteran's contention, his statements are competent evidence as to the presence of observable symptoms, such as pain. See Layno v. Brown, 6 Vet. App. 465, 470 (1994).

Subsequent to the two instances of in-service treatment for a left ankle sprain, the record is silent for complaints of or treatment for any symptoms related to the left ankle until April 2010. An April 2010 VA treatment record indicates that the Veteran reported occasional bilateral ankle crepitus without any pain or swelling. A physical examination revealed normal ankles. An April 2010 VA mental health note indicates that the Veteran complained of ankle pain, but did not specify which ankle. 

The mere absence of medical records does not contradict a Veteran's statements about his symptom history. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006). However, if it is determined based upon reliable evidence that there was an extended period of time after service without any manifestations of the claimed condition, then that tends to weigh against a finding of a connection between the disability and service. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). In this case, the Board finds that the Veteran did not experience any symptoms of left ankle pain for at least six years after service. This six-year period without complaints of or treatment for left ankle pain weighs against the Veteran's claim. See also Mense v. Derwinski, 1 Vet. App. 354, 356 (1991) (holding that the passage of many years between separation from service and any medical complaints or documentation of a claimed disability weighs against a claim for service connection). 

To the extent that the Veteran asserts that his current left ankle strain had its onset after service, but was nevertheless caused by in-service events, the Board finds that opining on the origin of an ankle disorder, where the onset of symptoms occurs many years after service with potential intervening causes, is more suited to the realm of medical, rather than lay expertise. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The evidence of record does not show the Veteran has any specialized education, training, or experience in evaluating and determining the etiology of orthopedic conditions. Thus, the Board finds that the Veteran's statements are not competent evidence of a nexus between a current left ankle disorder and service. See King v. Shinseki, 700 F.3d 1339, 1344 (Fed. Cir. 2012) (holding that the Court of Appeals for Veterans Claims did not improperly discount lay evidence of a nexus where witnesses did not possess special training or expertise needed to establish medical causation). 

During a September 2010 VA examination, the Veteran reported injuring his left ankle during service. The examiner noted that service treatment records documented a left ankle injury and referral to physical therapy. There were no further records of problems relating to the left ankle during service. During the examination, the Veteran reported symptoms of left ankle pain, stiffness, weakness, and incoordination, which made him unable to run. A physical examination revealed no deformity, tendon abnormality, angulation, instability, giving way, decreased speed of joint motion, episodes of dislocation or subluxation, locking, effusions, or inflammation. There was no objective evidence of pain with active motion. The Veteran denied any flare-ups. There was no evidence of arthritis, abnormal weight bearing, or limitations on standing or walking. The Veteran had a normal gait and walked without assistive devices. The diagnosis was a left ankle strain. The examiner opined that the Veteran's "left ankle problem is less likely as not (less than 50/50 probability) caused by or a result of one incident of ankle strain in the service [in] 2003." In support of this, the examiner indicated that "it is not possible to relate one episode of left ankle strain in the service in 2003 to current ankle problems." 

A review of the record reveals no evidence linking a current left ankle strain to the Veteran's active duty other than his own assertions, which, as found above, are not competent evidence as to the etiology of a current ankle disorder. 

The record reflects that the Veteran failed to report for the additional examination scheduled for May 2015. His failure to cooperate with VA made it impossible to obtain the evidence that was the aim of the planned examination and his claim must be rated on the evidence of record. 38 C.F.R. 3.655(b). 

In this, and in other cases, the Board may not base a decision on its own unsubstantiated medical conclusions. Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). As there is no competent evidence of record linking a current left ankle disorder to the Veteran's service, service connection for a left ankle disorder is not warranted. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Appellant's service connection claim, the doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). 

II. Right Ankle Disorder

On his April 2010 Application for Compensation and/or Pension (VA Form 21-526), the Veteran indicated that he was seeking service connection for a left and right ankle disorder, which he related to frequently twisting his ankle while running during service. Service treatment records are silent for complaints of or treatment for a right ankle disorder. As previously noted, in April 2010, the Veteran reported occasional bilateral ankle crepitus without any pain or swelling. A physical examination revealed normal ankles. An April 2010 VA mental health note indicates that the Veteran complained of ankle pain, but he did not specify which ankle, and no diagnosis was provided. The record is otherwise silent for complaints of or treatment for a right ankle disorder.

The record reflects that the Veteran failed to report for the additional examination scheduled for May 2015. His failure to cooperate with VA made it impossible to obtain the evidence that was the aim of the planned examination and his claim must be rated on the evidence of record. 38 C.F.R. 3.655(b). In any event, there is no competent medical evidence of record showing a current diagnosis of a right ankle disorder. 

Based on the foregoing, the Board finds that service connection for a right ankle disorder is not warranted. The existence of a current disability is the cornerstone of a claim for VA disability compensation, and in the absence of proof of a present disability, there can be no valid claim. See Degmetich v. Brown, 104 F. 3d 1328 (1997) (holding that requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary and therefore the decision based on that interpretation must be affirmed). In this case, there is no competent medical evidence showing that the Veteran has a currently diagnosed right ankle disorder. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); see also Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999) (holding that pain alone, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a disability for which service connection may be granted). Therefore, the preponderance of the evidence is against the Veteran's service connection claim. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran's claim for service connection for a right ankle disorder, the doctrine is not for application. See Gilbert, 1 Vet. App. at 56.


III. Left Knee Disorder

On his April 2010 Application for Compensation and/or Pension (VA Form 21-526), the Veteran indicated that he was seeking service connection for a left knee disorder, which he appears to relate to running during service. 

Service treatment records are silent for complaints of or treatment for a left knee disorder. A post-service June 2010 VA treatment record indicates that the Veteran presented to the emergency room for right knee pain following a work injury and also noted that his left knee also hurt occasionally. A physical examination of the left knee was unremarkable. VA treatment records dated June 2011 and January 2012 indicate that the Veteran reported bilateral aching knee pain, for which he occasionally applied heat and used knee braces. The diagnosis was knee pain, likely from traumatic arthritis. 

To the extent that the June 2011 and January 2012 VA treatment records attribute the Veteran's left knee pain to a "likely" diagnosis of traumatic arthritis, the Board finds that they are speculative in the manner in which they were proffered. Notably, the June 2011 and January 2012 treatment records do not show that any X-rays were taken, and a physical examination of all extremities revealed full pulses; no edema; and no warm, red, tender, or swollen joints. Additionally, the record does not show that the Veteran ever reported sustaining a trauma to his left knee during service or otherwise. Use of the word "likely" is too speculative to be probative in this matter, especially given that no clinical testing was conducted to ascertain a true diagnosis. See Obert v. Brown, 5 Vet. App. 30, 33 (1993) (medical opinions that are speculative, general, or inconclusive in nature cannot support a claim). Thus, the Board assigns no probative value to these findings that attribute the Veteran's left knee pain to likely traumatic arthritis. 

The record reflects that the Veteran failed to report for the additional examination scheduled for May 2015. His failure to cooperate with VA made it impossible to obtain the evidence that was the aim of the planned examination and his claim must be rated on the evidence of record. 38 C.F.R. 3.655(b). In any event, there is no competent medical evidence of record showing a current diagnosed left knee disability that is etiologically related to service or any event in service. 

Based on the foregoing, the Board finds that service connection for a left knee disorder is not warranted, as there is no competent medical evidence showing that the Veteran has a currently diagnosed left knee disorder. See Degmetich, 104 F. 3d at 1130-31; see also McClain, 21 Vet. App. at 321. Although the Veteran has reported knee pain, pain alone, without a diagnosed or identified underlying malady or condition, does not, in and of itself, constitute a disability for which service connection may be granted. See Sanchez-Benitez 13 Vet. App. at 285. Therefore, the preponderance of the evidence is against the Veteran's service connection claim for a left knee disorder. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran's claim for service connection for a left knee disorder, the doctrine is not for application. See Gilbert, 1 Vet. App. at 56.

IV. Left Wrist Disorder

On his April 2010 Application for Compensation and/or Pension (VA Form 21-526), the Veteran indicated that he was seeking service connection for a left wrist disorder, which he related to doing "constant push-ups" during service. Service treatment records are silent for complaints of or treatment for a left wrist disorder. An April 2010 VA treatment record shows that the Veteran reported occasional bilateral wrist crepitus without any pain or swelling. A physical examination revealed normal wrists. The record is otherwise silent for complaints of or treatment for a left wrist disorder.

The record reflects that the Veteran failed to report for the additional examination scheduled for May 2015. His failure to cooperate with VA made it impossible to obtain the evidence that was the aim of the planned examination and his claim must be rated on the evidence of record. 38 C.F.R. 3.655(b). In any event, there is no competent medical evidence of record showing a current diagnosis of a left wrist disorder. 

Based on the foregoing, the Board finds that service connection for a left wrist disorder is not warranted, as there is no competent medical evidence showing that the Veteran has a currently diagnosed left wrist disorder. See Degmetich, 104 F. 3d at 1130-31; see also McClain, 21 Vet. App. at 321; Sanchez-Benitez, 13 Vet. App. at 285. Therefore, the preponderance of the evidence is against the Veteran's service connection claim. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran's claim for service connection for a left wrist disorder, the doctrine is not for application. See Gilbert, 1 Vet. App. at 56. 


ORDER

Service connection for a left ankle disorder is denied.

Service connection for a right ankle disorder is denied.

Service connection for a left knee disorder is denied.

Service connection for a left wrist disorder is denied.



______________________________________________
D. JOHNSON
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs