**Donna L. MENSE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–182.**

United States Court of Veterans Appeals.

Argued Oct. 12, 1990.

Decided July 10, 1991.

Edward J. Kowalczyk (non-attorney practitioner), for appellant.

Pamela L. Wood, Deputy Asst. Gen. Counsel, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Carolyn F. Washington, were on the brief, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Elmer J. Mense, appealed from a July 25, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied him entitlement to service connection for a low back condition. Upon the veteran's death during the pendency of this appeal, his daughter, as executrix, was substituted as the appellant. On review, the BVA found insufficient evidence to support an award of service connection for the veteran's low back disorder. We affirm the decision of the Board.

The veteran had active duty military service from December 14, 1942, through September 21, 1945. Neither his service medical records nor his separation physical examination reflect any findings of a low back disorder. On May 13, 1946, he filed an application for pension and compensation for a back injury allegedly sustained in

the South Pacific zone in November 1943. He underwent a Veterans' Administration (now Department of Veterans Affairs) (VA) orthopedic examination in September 1946 which revealed no back abnormalities. On October 15, 1946, a VA rating board denied service connection for back injury because no injury was shown by evidence of record. On August 4, 1947, a second rating decision denied service connection again for the same reason.

In April 1949, the veteran filed another claim for a service-connected back disorder. He also submitted several letters from physicians, attesting to his back disorder. In a letter dated March 26, 1949, Dr. Stanley Leydig, an orthopedist, stated that he examined the veteran on February 24, 1949, and diagnosed a probable lesion of the intervertebral disc. Dr. Charles Metz, the veteran's family physician, wrote in April 1949 that the veteran sought treatment from him after discharge from the service, complaining of lower back pain. Dr. Metz asserted that he was unable to relieve the veteran's discomfort although medical findings "revealed little of note except tenderness...." R. at 24. In a letter written in June 1949, a Lieutenant Commander Rawls related a faint recollection of strapping the veteran's back but could not remember any details such as the date.

The veteran also submitted an abstract from his clinical records dated June 17, 1949, which showed that he was an outpatient at U.S. Marine Hospital in Kirkwood, Missouri. X-rays taken at that time revealed no back abnormalities. He also submitted a clinical record of a neuropsychiatric examination performed August 9, 1949, which indicated that the veteran suffered from chronic anxiety reaction manifested by complaints of back pain. On the same day, the veteran also underwent a special orthopedic examination which revealed no abnormalities; no orthopedic diagnosis was made.

After considering the evidence submitted, on August 23, 1949, the VA rating board denied service connection for a back disorder, noting that a back condition was not found during the veteran's last medical examination. The veteran never appealed this decision.

In 1988, the veteran sought once again to reopen his claim. He submitted as new and material evidence a letter dated October 5, 1988, from Dr. Robert Pierron. The physician stated that the veteran had degenerative spondylosis (disintegration of the vertebrae), for which the veteran was receiving treatment. On December 15, 1988, the veteran was denied service connection again for a back condition. The rating board noted that, although review of older evidence confirmed a back injury in service, only the new medical evidence showed treatment for spondylosis many years after service. R. at 39. Consequently, the veteran was considered to have had an acute back condition in service. We acknowledge the discrepancy between the rating board findings in 1946 and 1947 that the veteran did not suffer a back injury and those of 1988 which indicate that the veteran did incur a back injury in service. However, we confine ourselves solely to the issue of service connection for a low back disorder and do not find it necessary to address the discrepancy.

The veteran filed a Notice of Disagreement on January 5, 1989, and the Board of Veterans' Appeals rendered a decision regarding his claim on July 25, 1989. A timely appeal was then made to this Court.

In denying service connection for a low back disorder, the Board concluded that "[a]vailable medical data do not show the presence of an acquired organic low back disability during service." *Elmer J. Mense*, loc. no. 915932, at 10 (BVA July 25, 1989). The Board also found that "post service medical data do not show the presence of an acquired organic low back disorder for many years after military service." *Id.* In making its decision, the Board relied on the "absence of any persistent clinical or radiological findings sufficiently noteworthy to explain the subjective symptoms...." *Id.* at 9. Specifically, the Board noted that "there was never a finding of muscle spasm, significant acquired abnormality on X-ray, or objectively verified neuropathy during service or in the

approximate five-year period following separation...." *Id.* at 10.

Appellant argues that the Board erred by failing to apply the provisions of 38 C.F.R. § 3.303(d) (1990) which outline the conditions for granting service connection for a disease diagnosed after discharge. "Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service." *Id.*

 Whether the veteran's low back disorder was incurred in or aggravated by service is a question of fact. The Board resolved the findings of fact in the instant case against the veteran and his claim for service connection. The Court may set aside findings of fact made by the Board only if "clearly erroneous." 38 U.S.C. § 4061(a)(4) (1988). Additionally, pursuant to the provisions of 38 U.S.C. § 4004(d)(1) (1988), the Board is required to delineate in its decision the "reasons or bases" for its findings of material fact and conclusions of law. *Gilbert v. Derwinski*, 1 Vet.App. 49, 59 (1990). *See also Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990); *Sammarco v. Derwinski*, 1 Vet.App. 111, 112 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169 (1991).

This Court finds no basis to conclude that the Board erred in determining that service connection was not warranted for the veteran's low back condition. The Board outlined the evidence of record as well as the applicable statutory and regulatory provisions. The Board emphasized in its decision that the veteran failed to provide evidence which demonstrated continuity of symptomatology, a requirement for service connection when the condition noted during service is not chronic. *See* 38 C.F.R. § 3.303(b) (1988). Also, the Board found that the veteran failed to account for the lengthy time period for which there is no clinical documentation of his low back condition. Accordingly, we AFFIRM the decision of the Board.