Thomas L. YANKUS, Sr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1259.

United States Court of Veterans Appeals.

Aug. 12, 1992.

As Amended Aug. 21, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Thomas L. Yankus, Sr., appeals from an April 6, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a low back disorder. Because the Board failed to apply the correct standards for reopening a claim and to provide an adequate statement of its findings and conclusions and the reasons or bases for its assessment of evidence favorable to the appellant, the matter will be remanded to the Board for readjudication.

■ The veteran's claim was denied by a prior final decision of the Veterans' Administration (now Department of Veterans Affairs) Regional Office (RO) in December 1967. R. at 47–48. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), the Secretary of Veterans Affairs (Secretary) must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

■ The Board, in its April 6, 1990, decision, failed to conduct this two-step analysis. Although there is some indication in the BVA decision that the Board looked at more than the new evidence, the decision, taken as a whole, suggests otherwise. It concluded as a matter of law: "The new evidence submitted in connection with a reopened claim does not present a new factual basis warranting modification of the earlier rating decision in December 1967." *Thomas L. Yankus*, BVA 90–08410, at 5 (Apr. 6, 1990). As to the first part of that test—whether evidence is "new and material"—the determination is a

conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). The Court holds that the appellant did submit "new and material" evidence to reopen his claim.

■ Specifically, the appellant submitted an August 6, 1986, radiological report showing a finding of a "[s]uspicious radiolucent line" on the x-rays of the lumbar spine which, the examiner stated, "may represent an old fracture", Supp.R. at 1; and the appellant testified under oath at a July 17, 1989, personal hearing before the RO that he had suffered a low back injury on a parachute jump in service, that for approximately five months after his injury he was unable to seek treatment as he was evading capture and hiding for a time with the French underground, that he has suffered low back pain since that time, and that he had received treatment for low back pain from private physicians in the 1940s and 1950s. R. at 67–77. He also submitted a June 3, 1989, certified statement from three French citizens, who stated that the veteran had lived with them from March 10 to June 3, 1944, after he bailed out of his disabled aircraft and that it was not possible to have him treated by a physician then. R. at 90, 99. This evidence is "new" because it is not merely cumulative of evidence previously in the record, and it is "material" because it is "relevant and probative" and there is a "reasonable possibility that the new evidence [if found credible], when viewed in the context of all the evidence, both new and old, would change the outcome." *Masors,* 2 Vet.App. at 185; *Godwin v. Derwinski,* 1 Vet.App. 419, 424 (1991).

■ In its April 6, 1990, decision, the Board stated: "The Board is of the view that while the veteran may have injured his back in a parachute jump in France in 1944, the new evidence submitted does not show that any injury sustained at this time was more than acute and transitory". *Thomas L. Yankus,* BVA 90–08410, at 4 (Apr. 6, 1990). Because the appellant submitted new and material evidence to reopen his claim, the Board was required to review the new evidence in the context of the old, and to base its decision on consideration of "all evidence and material of record" rather than on the new evidence standing alone or in connection with only certain items of the record. *Jones,* 1 Vet.App. at 214–15; 38 U.S.C. § 7104(a) (formerly § 4004). The Board is further required to provide a statement of the reasons or bases for its findings or conclusions, including an evaluation of the evidence which it finds to be persuasive or unpersuasive. 38 U.S.C. § 7104(d)(1) (formerly § 4004). A claimant's testimony is such evidence, and the Board must give reasons or bases for rejecting a claimant's testimony. *See Pruitt v. Derwinski,* 2 Vet.App. 83, 85 (1992); *Cartright v. Derwinski,* 2 Vet.App. 24, 25 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 150 (1991). The Board's reasons or bases must be sufficient to "permit a claimant to understand the Board's response to the various arguments advanced by the claimant." *Gilbert v. Derwinski,* 1 Vet. App. 49, 56 (1990).

■ Here, in apparently concluding that any back injury suffered in service was "acute and transitory", the Board failed to discuss its evaluation of contrary evidence in the record, including physicians' reports attributing low back problems to an old injury (one physician connecting it specifically to in-service injury) (R. at 40, Supp.R. at 1) and the veteran's sworn testimony regarding continuous back problems since service (R. at 67–77). *See Mense v. Derwinski,* 1 Vet.App. 354, 356 (1991); 38 C.F.R. § 3.303(b) (1991) (where evidence does not show existence of chronic condition in service, service connection may be granted upon a showing of continuity of symptomatology since service); *see also Jones,* 1 Vet.App. at 216–17 (claimant's testimony may suffice to establish continuity of symptomatology). The Board also failed to apply the proper standard for adjudicating a reopened claim and to provide an adequate statement of the reasons or bases for its evaluation of all of the evidence and its response to the appellant's arguments. Therefore, the matter must be remanded for readjudication.

Upon consideration of the record, the supplemental record ordered by the Court and submitted by the Secretary on July 22, 1992, the Secretary's motion for summary affirmance, and the appellant's informal brief, the Court vacates the April 6, 1990, BVA decision and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and arguments. The Court further holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.

VACATED AND REMANDED.