Citation Nr: 1448543 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-23 766A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for a psychiatric disorder.

2. Entitlement to VA compensation for a cervical spine disorder, pursuant to 38 U.S.C.A. § 1151.


ATTORNEY FOR THE BOARD

Harold A. Beach, Counsel



INTRODUCTION

The appellant served on active duty from August 1973 to August 1977.

This case was previously before the Board of Veterans' Appeals (Board) in November 2013, when it was remanded for further development. The Board directed the VA Appeals Management Center (AMC) in Washington, D.C. 

The issue of entitlement to VA compensation for a cervical spine disorder, pursuant to 38 U.S.C.A. § 1151 is addressed in the REMAND portion of the decision below. 


FINDINGS OF FACT

1. A psychiatric disorder, diagnosed as PTSD, major depression, and substance-induced mood disorder, was first manifested many years after the appellant's separation from the service, and the preponderance of the evidence is against a finding that it is in any way related thereto.

2. The claimed stressor associated with PTSD has not been verified. 


CONCLUSION OF LAW

A psychiatric disorder was not incurred in or aggravated by service. 38 U.S.C.A. §§ 105, 1110, 1131, 5103, 5103A (West 2002); 38 C.F.R. §§ 3.1(m)-(n), 3.159, 3.301, 3.303, 3.304(f) (2013). 



REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duty to Notify and Assist

Prior to consideration of the merits of the appeal, the Board must determine whether VA has met its statutory duty to assist the appellant in the development of his claim of entitlement to service connection for a psychiatric disorder. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. After reviewing the record, the Board finds that VA has met that duty.

In July 2009, the VA received the appellant's claim. Following the receipt of that claim, the VA notified the appellant of the information and evidence necessary to substantiate and complete his claim, including the evidence to be provided by him and notice of the evidence the VA would attempt to obtain. The VA informed him of the criteria for service connection, as well as that for rating service-connected disabilities and for assigning effective dates, should service connection be granted. 

Following the notice to the appellant, the VA fulfilled its duty to assist him in obtaining identified and available evidence necessary to substantiate his claim. The VA obtained or ensured the presence of the appellant's service treatment and personnel records; records reflecting his VA treatment from June 1990 through November 2013; records reflecting his treatment at the Advocate Illinois Masonic Medical Center in September and October 2011; and his Social Security records. 

In September 1990, September 1997, and April 2014, the VA examined the appellant to determine the nature and etiology of any psychiatric disorder found to be present. The VA examiners interviewed and examined the appellant, documented his current medical conditions, and rendered appropriate diagnoses and opinions consistent with the remainder of the evidence of record. In September 1997 and April 2014, the VA examiner also reviewed the appellant's claims file and medical history. Therefore, the Board concludes that the VA examinations are adequate for evaluation purposes. 38 C.F.R. § 4.2 (2013); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

Finally, the VA offered the appellant an opportunity to present additional evidence and argument at a hearing on appeal. However, to date, he has declined to accept that offer. 

In sum, the appellant has been afforded a meaningful opportunity to participate in the development of his appeal. He has not identified any outstanding evidence which could support his claim; and there is no evidence of any VA error in notifying or assisting the appellant that could result in prejudice to him or that could otherwise affect the essential fairness of the adjudication. Accordingly, the Board will proceed to the merits of the appeal.

Analysis

Service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131. Generally, the evidence must show (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. See Cuevas v. Principi, 3 Vet. App. 542 (1992). The applicable law and regulations do permit service connection for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Although a claimant may identify a particular mental condition on the claims form accompanying his application for VA benefits, the scope of the claim cannot be limited only to the condition stated, "but must rather be considered a claim for any mental disability that may reasonably be encompassed by several factors including: the claimant's description of the claim; the symptoms the claimant describes; and the information the claimant submits or that VA obtains in support of the claim." Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). 

Every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except for defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or when clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment. 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2003). VA bears the burden of proof to rebut the presumption. Kinnaman v. Principi, 4 Vet. App. 20, 27 (1993). 

During a July 1998 hearing before the Social Security Administration, the appellant testified that he had experienced lifelong depression. However, the report of his August 1973 service entrance examination was negative for any complaints or clinical findings of a psychiatric disorder. He was, therefore, presumed to be in sound psychiatric condition at the time of his entry into service. During active duty, his service treatment records and the report of his August 1977 service separation examination were similarly negative. 

In June 1990, he was hospitalized at the Hines VA for substance abuse and in August 1990, he went to the North Chicago VA Hospital. Following a September 1990 VA psychiatric examination, it was noted that he had been involved with alcohol and street drugs for many years and that he was severely disabled by multiple substance abuse. During the September 1997 VA examination, it was noted that the appellant had a history of episodic drinking. Following the examination, the diagnosis was major depression. 

More recent VA treatment records, dated from February 2000 through November 2013, confirm a history of depression and also show a diagnosis of post-traumatic stress disorder (PTSD). 

The appellant states that his depression and PTSD are, primarily, the result of three instances of bullying during basic training. He notes that on one occasion, while being issued clothing and equipment, his two drill instructors snuck up behind him and squeezed a pressure point. He stated that he almost passed out and that the other platoon members found it funny. On another occasion, he was reportedly beaten by a fellow trainee during pugil stick training. The appellant noted that his drill instructors instructed him to remove his helmet and, that as a result, he sustained a concussion. On the third occasion, he reported he was in the office used by his two drill instructors. He reported that they administered a lengthy and severe beating. He states that he has intrusive memories of those incidents and that they cause him nightmares, headaches, and depression. Given his current psychiatric disorders, the salient question is whether there is a nexus to service. 

While the appellant has a long history of depression, the probative medical evidence shows that it was first manifested in 1990, approximately 13 years after his separation from the service. The normal medical findings at the time of the appellant's separation from the service, as well as the absence of any medical records of a diagnosis or treatment for many years after service is probative evidence against the claim. See Mense v. Derwinski, 1 Vet. App. 354, 356 (1991) (affirming Board where it found that failed to account for the lengthy time period after service for which there was no clinical documentation of low back condition); see also Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (A prolonged period without medical complaint can be considered, along with other factors concerning a claimant's health and medical treatment during and after military service, as evidence of whether an injury or a disease was incurred in service which resulted in any chronic or persistent disability.); Forshey v. West, 12 Vet. App. 71, 74 (1998), aff'd sub nom. Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (noting that the definition of evidence encompasses "negative evidence" which tends to disprove the existence of an alleged fact). In addition, there is no competent evidence of a nexus between the appellant's depression and his service. However, that does not end the inquiry. The appellant also seek service connection for PTSD which has its own set of governing regulations. 

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a), i.e., a diagnosis which conforms to the criteria set forth in the Diagnostic and Statistical Manual of the American Psychiatric Association, 4th edition (DSM-IV); a link, established by medical evidence, between the current symptoms and an inservice stressor; and credible supporting evidence that the claimed inservice stressor actually occurred. If the evidence establishes that the appellant engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the conditions or hardships of the appellant's service, the appellant's lay testimony alone may establish the occurrence of the inservice stressor. 38 U.S.C.A. § 1154(b) and 38 C.F.R. § 3.304(f); See Cohen v. Brown, 10 Vet. App. 128 (1997). Where a current diagnosis of PTSD exists, the sufficiency of the claimed in-service stressor is presumed. Id. at 144. Nevertheless, credible evidence that the claimed in-service stressor actually occurred is also required. 38 C.F.R. § 3.304(f).

The appellant does not contend, and the evidence does not show, that he engaged in combat. Rather, he maintains that he has PTSD has the result of several traumatic incidents in service, including the three personal assaults caused or carried out by his drill instructors. 

In such cases, more particularized requirements are established to verify whether the alleged stressor actually occurred. Manual M 21-1, Part III, paragraph 5.14c; see Patton v. West, 12 Vet. App. 272, 278-80 (1999). Evidence from sources other than the appellant's service records may corroborate his account of the stressor incident(s). 38 C.F.R. § 3.304(f)(3). 

Examples of such evidence include, but are not limited to: records from law enforcement authorities; mental health counseling centers, hospitals, or physicians; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is another type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to, a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes.

In evaluating the three reported stressors, the Board finds that the appellant is not credible. The instance in which the drill instructors almost caused the appellant to black out, as well as that during pugil stick training, were carried out in full view of other trainees. However, the appellant has submitted no evidence to substantiate those incidents. 

In May 2011, the VA asked the appellant to submit alternative forms of evidence to support his claim of non-combat related PTSD. For example, he was asked to submit supporting statements from any individuals with whom he may have discussed the incident. Although he states that he discussed one incident with one trainee, he has not submitted any evidence to support that statement such as correspondence from one of the trainees who witnessed the event.. In addition, he reports that he sustained a concussion during his pugil stick training. However, it is unclear how he knew he had sustained a concussion. A concussion is a medical diagnosis, yet there are no service treatment records or private medical records, dated during service which reflect such an injury. 

As noted in the April 2014 VA examination, there were insufficient markers to confirm the inservice trauma. There is also no evidence that the appellant has the medical expertise to render such diagnosis. That lack of evidence begs the question as to how the appellant knew that he had sustained a concussion. Third, in 1990 and 1997, the appellant filed claims for VA compensation due to a psychiatric disorder. He also filed a claim for Social Security benefits prior to 1998. However, he did not report any of the stressor instances in conjunction with any of those claims. The omission of such relevant evidence tends to further impugn the appellant's credibility. Fourth, there is no evidence to show that the appellant's performance suffered as a result of any of the incidents in basic training. While he received non-judicial punishment in the service for various offenses such as failure to obey a noncommissioned officer and absence without leave, there is no evidence that any of those instances were caused by any event in basic training. He served four years under honorable conditions, and his performance reports show that his scores were generally consistent throughout. While none of the foregoing factors is dispositive, the total evidentiary picture strongly suggests that the claimed stressors did not actually happen. Absent a verified stressor, the appellant does not meet the criteria for a finding of PTSD. 

Finally, the Board notes that VA examinations in September 1990 and April 2004 show that the appellant's primary psychiatric diagnosis was a substance-induced mood disorder. The VA treatment records, dated from February 2000 through November 2013 and the medical records associated with the award of the appellant's Social Security benefits show that the appellant had a history of polysubstance abuse prior to 1991 but that it is now in remission. However, even if he does have a substance-induced mood disorder, no compensation shall be paid if the disability resulting from injury or disease in service is a result of the 's own willful misconduct or abuse of alcohol or drugs. 38 U.S.C.A. §§ 105, 1110; 38 C.F.R. § 3.1(m)-(n), 3.301. Therefore, service connection on that basis is precluded. 

Given the foregoing discussion, the appellant does not meet the criteria for service connection for a psychiatric disorder, including depression, PTSD, and a substance-induced mood disorder. Accordingly, service connection is not warranted, and the appeal is denied. 

In arriving at this decision, the Board has considered the doctrine of reasonable doubt. However, that doctrine is only invoked where there is an approximate balance of evidence which neither proves nor disproves the claim. In this case, the preponderance of the evidence is against the appellant's claim. Therefore, the doctrine of reasonable doubt is not applicable. 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2013). 


ORDER

Entitlement to service connection for a psychiatric disorder is denied. 



REMAND

In February 2014, the RO denied the appellant's claim of entitlement to VA compensation for a cervical spine disorder, pursuant to 38 U.S.C.A. § 1151. The following month, the appellant filed a Notice of Disagreement (NOD) with that decision. Since the submission of the NOD was timely, the Board is required to remand this issue to the RO, so that it may send the appellant a Statement of the Case (SOC). See Manlincon v. West, 12 Vet. App. 238 (1999). Accordingly, the case is REMANDED for the following action: 

The RO must send the appellant an SOC concerning the issue of entitlement to VA compensation for a cervical spine disorder, pursuant to 38 U.S.C.A. § 1151. IF, AND ONLY IF, the appellant completes his appeal by filing a timely substantive appeal on the aforementioned issue should this claim be returned to the Board. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 20.200, 202 (2013). 

By this remand, the Board intimates no opinion as to the final disposition of any unresolved issue. 

The appellant need take no action unless he is notified to do so. However, he is advised that he has the right to submit additional evidence and argument on the matter or matters the Board has remanded to the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for s Claims for additional development or other appropriate action must 

be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs