Citation Nr: 1546204 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-06 295 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

1. Entitlement to service connection for a left knee disability.

2. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right knee disability.

3. Entitlement to service connection for traumatic brain injury (TBI).

4. Entitlement to service connection for unspecified depressive disorder.

5. Entitlement to an initial compensable rating for residual scars from a head injury.


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs



WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

T. Carter, Counsel


INTRODUCTION

The Veteran served on active duty from November 1979 to November 1983.

This case comes before the Board of Veterans Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia and St. Petersburg, Florida.

In February 2015, the Veteran testified at a Travel Board hearing at the RO in St. Petersburg, Florida before the undersigned Veterans Law Judge. 

In an April 2015 decision, the Board reopened the issue of whether there was new and material evidence sufficient to reopen the claim for service connection for a left knee disability and remanded the issue of entitlement to service connection for a left knee disability for further development. The case has since been returned to the Board for appellate review.

This appeal was processed using the Veterans Benefits Management System (VBMS). The Virtual VA electronic claims file contains duplicate copies of evidence already associated with VBMS. 

The issues of whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right knee disability, entitlement to service connection for traumatic brain injury, entitlement to service connection for unspecified depressive disorder, and an initial compensable evaluation for residual scars of head injury since March 13, 2015 are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran has a current left knee disability of degenerative joint disease.

2. The Veteran sustained a left knee mild tissue contusion and complained of left knee pain while in service.

3. A chronic left knee disability, including arthritis did not manifest to a compensable degree within one year of separation from service, was not noted to be chronic during service, did not have onset during service, and is not otherwise related to service. 


CONCLUSION OF LAW

The criteria for entitlement to service connection for a left knee disability have not been met. 38 U.S.C.A. §§ 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in August 2009 of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the claimant, what part VA will attempt to obtain, and how disability ratings and effective dates are determined. 

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim to include where warranted by law, affording the claimant a VA examination. There is no evidence that additional records have yet to be requested, or that additional examinations or medical opinions are in order. 

With regard to the February 2015 hearing, in Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010), the United States Court of Appeals for Veterans Claims held that the Veterans Law Judge who chairs a hearing must fulfill two duties to comply with 38 C.F.R. § 3.103(c)(2). These duties consist of (1) fully explaining the issues pertinent to the claim(s) on appeal; and (2) suggesting the submission of evidence that may have been overlooked. See also 38 C.F.R. § 3.103(c)(2) (2015); Procopio v. Shinseki, 26 Vet. App. 76 (2012). At the hearing, the Veterans Law Judge, the Veteran, and the representative identified the issue on appeal and engaged in a discussion as to substantiation of the claim. The Veterans Law Judge gave the Veteran the opportunity to discuss his complaints regarding the left knee while in service and since service. The actions of the Veterans Law Judge supplemented the duty to notify and assist and complied with any related duties owed during a hearing. Overall, the hearing was legally sufficient, and there has been no allegation to the contrary.

There was substantial compliance with the April 2015 remand directives. On remand, the Agency of Original Jurisdiction sent the Veteran an April 2015 notice letter requesting he identify and complete VA Form 21-4142 for VA to obtain any outstanding treatment records and evidence from his period of incarceration relevant to his left knee disability. As of this date, no response has been received from the Veteran putting VA on notice of any outstanding evidence pertaining to the claim on appeal. The Veteran was afforded an August 2015 VA Disability Benefits Questionnaire examination for knee and lower leg conditions, to include a medical opinion. An attempt was made to obtain any updated relevant VA treatment records, which revealed the Veteran's past clinic visits were his VA examinations in June 2015 for the issues addressed in the REMAND portion of the decision below and the August 2015 VA examination for the left knee. The Agency of Original Jurisdiction readjudicated the claim in an August 2015 Supplemental Statement of the Case. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the provisions of 38 C.F.R. § 3.303(b) apply only for the specific chronic diseases listed in 38 C.F.R. § 3.309(a)). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Service connection can also be established through application of statutory presumptions, including for "chronic diseases," such as degenerative joint disease or arthritis, when manifested to a compensable degree within one year of separation from qualifying service. 38 U.S.C.A. § 1137; 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

At the outset, review of the evidentiary record shows the Veteran has a current diagnosis of a left knee disability during the appeal period. Specifically, a February 2012 VA treatment record documents left knee degenerative joint disease. 

The element of an in-service occurrence has also been met in this case. The November 1979 entrance examination report is silent for any abnormality of the left knee. In August 1980, the Veteran sustained a left knee mild tissue contusion while playing basketball. In October 1981, he complained of left knee pain. In November 1981, the Veteran also complaint of left knee pain from getting out of truck and was assessed with a bruise with small laceration to left leg below knee. In October 1983, the Veteran opted for no separation examination. 

Nevertheless, the element of a nexus between the current left knee disability and in-service left knee occurrences has not been met in this case.
 
Since the Veteran filed his claim to reopen the issue of entitlement to service connection for a left knee disability in August 2009, a February 2012 VA treatment record has been associated with the record. This record stated the onset of the Veteran's left knee pain for many years had its onset with military related trauma; however, no explanation was provided by the VA treating physician. 

The Veteran was also afforded a VA Disability Benefits Questionnaire examination for knee and lower leg conditions in August 2015. The examiner noted review of the Veteran's electronic claims file and opined, in contrast to the February 2012 VA treatment record, that the Veteran's current left knee disability is less likely as not related to active service based upon medical literature review, clinical experience, medical record review, and evaluation of the Veteran. It was explained that in 2005 there was no evidence for internal derangement/instability, the examination findings were equal bilaterally, the symmetry and the early degenerative radiologic changes are consistent with aging/wear and tear on knees over nearly 45 years, January 2007 private treatment record documents trauma to left knee four weeks prior, subsequent examinations note left knee instability, and lay statements and the February 2012 VA treatment not relating the Veteran's disability to service do not change the rendered opinion. 

The Board finds that the most probative evidence of record demonstrates that the Veteran's left knee disability is not related to active service. The VA etiological opinion is probative as the examiner reviewed the claims file, considered the Veteran's medical history, and provided sufficient rationale for the opinion provided. Accordingly, the opinion is found to carry significant weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (noting that the central issue in assessing the adequacy of an opinion is whether the examiner was informed of the relevant facts in rendering a medical opinion). 

As noted above, the February 2012 VA treating physician did not provide an explanation for the documented statement that the onset of the Veteran's left knee pain for many years had its onset with military related trauma.

Moreover, although the Veteran is competent to report his in-service complaints of left knee pain and swelling, the Board finds he does not have the experience, education, training, and expertise to provide an opinion regarding the etiology of his current left knee disability; thus his competent reports are not probative and are outweighed by the examiner's findings. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). 

The Board does not find the Veteran's statements regarding continuous left knee pain since service to be credible as they are in conflict with the other evidence of record, to include no complaints of left knee pain until a 2005 VA treatment record, when he reported the left knee is progressively more stiff and painful after supine and sitting position since separation from service in 1983. In January 2006, he also reported generalized discomfort in the left knee for years and increased over the last month. A left knee disability was not noted until the 2000s, over 20 years after service discharge. See Mense v. Derwinski, 1 Vet. App. 354, 356 (1991) (holding that VA did not err in denying service connection when the veteran failed to provide evidence which demonstrated continuity of symptomatology, and failed to account for the lengthy time period for which there is no clinical documentation of disorder). In sum, the Board gives more weight to the August 2015 VA opinion rendered by a trained medical professional and finds the third criteria to establish service connection on a direct basis has not been met.

Lastly, a chronic left knee disability of arthritis did not manifest to a compensable degree within one year of separation from service, was not noted to be chronic during service, and did not have onset during service. As noted above, the Veteran's service treatment records do not show a left knee disability of arthritis was diagnosed or was chronic during service, or manifestations sufficient to identify a chronic disease entity. No evidence within one year of service discharge in 1983 note a chronic left knee disability. In fact, review of his post-service treatment records document onset of a left knee disability multiple years after separation from service. Specifically, a December 2005 VA x-ray report of the left knee notes findings of mild osteoarthritis, which is approximately 22 years after separation from service. Accordingly, service connection under these bases is not warranted. See 38 C.F.R. §§ 3.303(b), (d), 3.307(a)(3), 3.309(a).


ORDER

Service connection for a left knee disability is denied.


REMAND

In an August 2015 rating decision, the Agency of Original Jurisdiction denied the issue of whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right knee disability and the issues of entitlement to service connection for traumatic brain injury and unspecified depressive disorder. The Agency of Original Jurisdiction also granted a noncompensable evaluation (0 percent) for residual scars of head injury since March 13, 2015. In September 2015, the Veteran submitted a VA Form 21-0958 (Notice of Disagreement) with the August 2015 rating decision for these issues. Clearly, given this time frame, the RO has not had a chance to enter a Statement of the Case, especially given the matter decided above. Nevertheless, given the law as decided by the Court, the Board must remand these issues for issuance of a Statement of the Case. Manlincon v. West, 12 Vet. App. 238, 240-241 (1999).

Accordingly, the case is REMANDED for the following action:

Issue a Statement of the Case addressing the issues of whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right knee disability, entitlement to service connection for traumatic brain injury, entitlement to service connection for unspecified depressive disorder, and an initial compensable evaluation for residual scars of head injury since March 13, 2015. The Statement of the Case should include a discussion of all relevant evidence considered and citation to all pertinent law and regulations. A timely appeal has to be filed for the matter to be returned to the Board. Otherwise the appeal may be closed by the RO.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs