http://www.va.gov/vetapp16/Files4/1634362.txt

Citation Nr: 1634362 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 12-02 114 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to service connection for a bilateral hand disability, claimed as bilateral carpal tunnel syndrome, trigger fingers, and degenerative joint disease (DJD).

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

J. D. Deane, Counsel

INTRODUCTION

The Veteran served on active duty from December 1976 to December 1980.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Decatur, Alabama. The RO in Atlanta, Georgia currently has jurisdiction of the claim.

In May 2013, the Veteran testified at a Board videoconference hearing before the undersigned Veterans Law Judge (VLJ) at the RO. A transcript of that hearing is of record.

In June 2014, the Board remanded this matter for additional development. 

In a December 2014 decision, the Board denied the Veteran's claim for service connection for bilateral carpal tunnel syndrome and trigger fingers. The Veteran thereafter appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court). In a July 2015 Order, the Court granted a Joint Motion for Remand (JMR), vacated the December 2014 Board decision, and remanded the matter for readjudication consistent with the JMR. 

In October 2015, the Board again remanded this matter for additional development. After a supplemental statement of the case was issued for this matter in February 2016, the Veteran agreed to waive AOJ consideration of additional evidence, requesting that the Board consider any new evidence during the adjudication of his appeal. Thus, additional pertinent evidence added to the record in 2016, including VA treatment records as well as a records from the Social Security Administration (SSA), are accepted for inclusion in the record on appeal. 38 C.F.R. § 20.1304 (2015).

The issues of entitlement to service connection for an acquired psychiatric disorder, whether new and material evidence has been received in order to reopen a claim entitlement to service connection for headaches with sleep difficulties, entitlement to special monthly compensation, entitlement to automotive and adaptive equipment, eligibility for specially adapted housing, entitlement to a temporary total disability, entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU), and entitlement to service connection for periodontal disease (pyorrhea), periostitis, and gum disease have been raised by the record in a February 2016 and April 2016 claims forms, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

FINDING OF FACT

A bilateral hand disorder, to include DJD, bilateral carpal tunnel syndrome, and trigger fingers, was not present in service, was not present to a compensable degree within one year of service discharge, and was not shown to be casually related to service.

CONCLUSION OF LAW

A bilateral hand disorder was not incurred in or aggravated by active military service, nor may it be presumed to have been so incurred. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions under the VCAA. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015). 

VA's duty to notify was satisfied by letters dated in April 2010 and August 2010. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

VA has obtained service treatment records, service personnel records, private treatment records, records from SSA, and VA treatment records. It has afforded the Veteran the opportunity to present testimony, written statements, and evidence. In addition, review of the May 2013 Board hearing transcript demonstrates that the undersigned complied with the requirements set forth in Bryant v. Shinseki, 23 Vet. App. 488, 491-93 (2010).

The Veteran was provided with a VA examination and VA medical opinions in conjunction with the service connection claims on appeal in December 2012, July 2014, November 2015, and January 2016 to clarify the nature and etiology of his claimed bilateral hand disorders. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159; see McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006). The Board has found that the November 2015 and January 2016 medical opinions obtained by VA were adequate, as each was based upon a complete review of the evidence of record as well as consideration of the Veteran's lay assertions. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486.

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection may be established under the provisions of 38 C.F.R. § 3.303(b) when the evidence, regardless of its date, shows that a veteran had a chronic condition in service or during the applicable presumptive period. For certain chronic disorders, such as arthritis, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. In addition, service connection on the basis of continuity of symptomatology can only be established for the chronic diseases as specified at 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In written statements of record and during the May 2013 Board videoconference hearing, the Veteran has asserted that his claimed hand disorder, to include bilateral carpal tunnel syndrome, trigger fingers, and DJD, began in service. He had asserted that they resulted from cold weather injuries during field training in Alaska and Germany. The Veteran has also contended that his claimed hand disabilities were the result of working with high explosives, cannons, and a whole lot of manual work with his hands. He asserted that he kept hurting and repetitively hitting his hands throughout service and that he developed a left wrist cyst during service. 

Service connection for a bilateral hand disorder is not warranted. In this case, there is no factual basis in the record that the claimed bilateral hand disorders were incurred during service, or manifested within a year thereafter, or for several years after his discharge from service in 1980.

Despite the Veteran's repeated assertions that his both of his hands were treated during military service, service treatment records were silent for complaints, treatment, or diagnoses related to the Veteran's hands or fingers, to include carpal tunnel syndrome, DJD, and trigger fingers. A January 1980 treatment record revealed cold injury to the feet. In November 1980, the Veteran did not desire a separation medical examination and a determination was made that medical examination for separation was not required.

The Veteran's DD Form 214 reveals that his military occupational specialty (MOS) was Cannon Crewman and showed he was stationed in Germany during active service. The Veteran also submitted internet evidence regarding cannon crewmember career duties. 

Post-service VA treatment records reflected findings of carpal tunnel syndrome and trigger fingers from 2005 to 2016. An April 2010 VA X-ray report revealed minimal early degenerative joint disease in the left first interphalangeal joint. In February 2016, the Veteran was given a discharge diagnosis of right elbow pain, bursitis (inflammation) versus arthritis versus extension of carpal tunnel syndrome. 

Private treatment records for multiple treatment providers dated from 1996 to 2009 documented bilateral hand conditions, including left thumb tendonitis, bilateral carpal tunnel syndrome, hand osteoarthrosis, left ganglionic cyst with prior aspiration, bilateral median neuropathies, and trigger finger of his left thumb. A December 2004 private treatment record showed complaints of left middle trigger finger and right thumb pain. The physician listed an assessment that the Veteran probably had an ulnar collateral ligament injury at some point in the past and has now developed some degenerative changes. 

The Board is cognizant that post-service evidence of record dated from 1996 to 2016 detailed findings of bilateral hand disorders, to include carpal tunnel syndrome, trigger finger, and DJD. However, the passage of many years between discharge from active service and the continuity of symptomatology or medical documentation of a claimed disability are factors that tend to weigh against a claim for service connection. Mense v. Derwinski, 1 Vet. App. 354, 356 (1991). Furthermore, evidence of record reflects that arthritis of the hands was not shown to manifest to a compensable degree within one year of service discharge.

Evidence of record also does not include any probative medical evidence or opinion suggesting a causal relationship between the Veteran's claimed bilateral hand disorders and his active military service.

In a December 2011 letter dealing with a workman's compensation issue with the state of Georgia, the Veteran wrote that on "April 23, 2009, while entering data at my work station my left arm went dead, fingers started triggering and both hands experienced carpal tunnel." He further indicated that he had a "cold weather injury in the military service in 1978 and 1980" and that his hands and feet "froze while in training exercises." It was determined by an administrative law judge that the Veteran failed to establish by the preponderance of the evidence that the physical problems that he had with his arms were related to his job activities, noting that there were several non-job related possible explanations for the claimed hand and arm problems.

In a December 2012 VA examination report, the examiner diagnosed DJD, carpal tunnel syndrome, and trigger fingers. The Veteran reported that his carpal tunnel syndrome and trigger fingers were caused by cold weather injuries during service in Germany. Right and left hand signs and symptoms were listed as arthralgia or other pain, numbness, and osteoarthritis. X-ray testing revealed developing degenerative changes in both hands. The examiner acknowledged that service treatment records documented a cold weather injury in January 1980 to the Veteran's feet and that post-service treatment records showed findings early DJD, bilateral carpal tunnel syndrome, and trigger finger in April 2010. The examiner then opined that the claimed conditions were less likely than not (less than 50 percent probability) incurred in or caused by the claimed in service injury event or illness. In the cited rationale, the examiner indicated that there was no medical record evidence of a cold weather injury to the Veteran's hands. The examiner noted the history of bilateral carpal tunnel and trigger fingers, which began many years after service. The examiner then noted that clear medical evidence was against a finding that a cold injury could have caused the Veteran's hand complaints.

In a July 2014 VA examination addendum report, the examiner opined that the condition claimed was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness. In the cited rationale, the examiner discussed his review of the record, noting the Veteran's assertions that he did a lot of work with his hands in service in the prior December 2012 VA examination report. The examiner acknowledged the Veteran's assertions that he had to load shells into the breach of the gun, take out hot canisters, and do a lot of lifting. It was further noted that the Veteran had a cyst on the dorsum of one of his wrists aspirated, underwent a trigger finger operation, and first noticed carpal tunnel syndrome symptoms and triggering of the fingers in 2000. The examiner commented that the Veteran did not note these problems in service. The examiner then opined that it was less likely than not that the Veteran's carpal tunnel syndrome and trigger fingers were related to service, highlighting the 20 year gap between service and the onset of his current conditions. The examiner concluded that whatever repetitive trauma the Veteran might have experienced would have subsided long before the onset of his current conditions and that cold injury did not cause carpal tunnel syndrome or trigger finger.

In October 2015 and January 2016 VA medical opinions, the examiner noted his review of the record, including the December 2012 VA examination report, and opined that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness. In the cited rationale, the examiner highlighted that the Veteran's service records did not document chronic or ongoing treatment or condition for his hands or for DJD, trigger finger, carpal tunnel syndrome, or surgery. The examiner specifically noted that he had considered the Veteran's statements about the use of his hands in service when formulating the current opinion. The examiner further highlighted that the record contained a July 2014 negative opinion from a VA orthopedist that also included consideration of the Veteran's statement about use of his hands or injury to his hands. The examiner then reiterated that it was less likely than not that Veteran's current hand conditions were related to military service 35 years ago.

Here, the Board finds that the most persuasive medical evidence that specifically addresses the question of whether the Veteran's currently diagnosed bilateral hand disorders were related to events during active service weighs against the claim. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (it is the responsibility of the Board to assess the credibility and weight to be given the evidence) (citing Wood v. Derwinski, 1 Vet. App. 190, 192-93 (1992)). See also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (the probative value of medical evidence is based on the physician's knowledge and skill in analyzing the data, and the medical conclusion he reaches; as is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board). Thus, there is no basis upon which to conclude that the Veteran's currently diagnosed bilateral hand disorders were incurred in or aggravated during military service, including on any direct or presumptive basis. 38 C.F.R. §§ 3.303, 3.307, 3.309.

The only evidence of record which specifically relates the Veteran's claimed hand disorders to his active military service are his own statements and hearing testimony. His statements are competent evidence as to observable symptomatology, including pain, swelling, and cold exposure. See Barr, 21 Vet. App. at 307. However, the Veteran's statements that his present bilateral hand disorders onset during service or were incurred as a result of service draw medical conclusions, which the Veteran is not qualified to make. Although lay persons are competent to provide opinions on some medical issues, the etiology of the Veteran's hand disorders falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau, 492 F.3d at 1377. Moreover, VA examiners considered the statements of the Veteran when providing the aforementioned July 2014, October 2015, and January 2016 medical opinions.

The criteria to award entitlement to service connection for bilateral hand disability, to include bilateral carpal tunnel syndrome, trigger fingers, and DJD, have not been established, either through medical or probative lay evidence. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim of entitlement to bilateral hand disorder that doctrine is not applicable. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 (CONTINUED ON NEXT PAGE)

ORDER

Entitlement to service connection for a bilateral hand disability, to include bilateral carpal tunnel syndrome, trigger fingers, and DJD, is denied.

____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs