﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200224-66436
DATE: December 31, 2020

ORDER

Entitlement to service connection for diabetes mellitus, to include as secondary to service-connected hypertension, is denied.

FINDING OF FACT

Diabetes mellitus was not shown to onset during active service, to manifest to a compensably disabling degree within the first year after discharge from service, to be etiologically related to service, or to be proximately caused or aggravated by the Veteran’s service-connected hypertension.

CONCLUSION OF LAW

The criteria for entitlement to service connection for diabetes mellitus, to include as secondary to service-connected hypertension, have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1969 to October 1973 and from January 1975 to January 1991. A rating decision was issued under the legacy system in July 2015. In March 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in February 2019. In the March 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. 

In September 2019, the Board remanded this matter for additional development. The rating decision on appeal was issued in February 2020 and AMA continues to apply. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for diabetes mellitus, to include as secondary to service-connected hypertension

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2020). Service connection may be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2020). Service connection may be established under the provisions of 38 C.F.R. § 3.303(b) when the evidence, regardless of its date, shows that a veteran had a chronic condition in service or during the applicable presumptive period. For certain chronic disorders, such as diabetes mellitus, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from service. 38 U.S.C. §§ 1101, 1112, 1113 (2012); 38 C.F.R. §§ 3.307, 3.309 (2020). In addition, service connection on the basis of continuity of symptomatology can only be established for the chronic diseases as specified at 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a) (2020). Any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 38 C.F.R. § 3.310(b) (2020).

The Board observes that the Veteran was diagnosed with diabetes mellitus during the appeal period. Regarding service connection on a direct or presumptive basis, there is no factual basis in the record that diabetes mellitus was incurred during service or manifested as a chronic disease within a year thereafter, or for several years after his discharge from service in 1991. While June 1989 service laboratory results showed high triglycerides with a provider’s notation of 1) lipid 2) liver 3) diabetes, the Veteran’s November 1990 separation examination detailed that his urinalysis was negative for albumin or sugar. The first diagnosis of the claimed disorder came many years after service separation in 2014, and service treatment records clearly show no complaints or diagnosis of the claimed disorder. The passage of many years between discharge from active service and the continuity of symptomatology or medical documentation of a claimed disability are factors that tend to weigh against a claim for service connection. See Mense v. Derwinski, 1 Vet. App. 354, 356 (1991). There is also no probative evidence linking the Veteran’s claimed diabetes mellitus to an event, injury, or disease in service.

Therefore, the only question remaining is whether his diagnosed diabetes mellitus was caused or aggravated by his service-connected hypertension. In a January 2019 VA examination report/medical opinion, the examiner diagnosed diabetes mellitus, opining that it was less likely than not proximately due to or the result of the Veteran’s service-connected hypertension. The examiner cited to a recent large study regarding the question of whether high blood pressure leads to or causes diabetes. It noted that people with elevated blood pressure were at an increased risk of developing diabetes but did not support causality. Therefore, the examiner concluded that while considered a risk factor, the Veteran’s Type II diabetes was less likely than not proximately due to or the result of his service-connected hypertension. 

In an October 2019 VA medical opinion, the examiner opined that the claimed diabetes mellitus was less likely than not (50 percent or lesser probability) proximately due to or the result of the Veteran’s service-connected hypertension and was less as likely than not aggravated beyond its natural progression by his service-connected hypertension. In the cited rationale, the examiner highlighted that the Veteran was service-connected since 2005 for hypertension that has been controlled and stable and was later diagnosed with diabetes mellitus in 2014. It was indicated that an overall review of medical records showed no aggravation of the diabetes by the controlled hypertension. The examiner further noted that hypertension was a separate clinical diagnosis with a separate clinical course and was unrelated to diabetes, which was a metabolic disorder caused by factors to include poor sugar control from diet, lifestyle, age, or hereditary factors. The Veteran’s diabetes mellitus was noted to be uncontrolled with a 2017 HBA1C of 6.7 H.

There is no probative evidence of record that the currently diagnosed diabetes mellitus was proximately due to or aggravated by his service-connected hypertension. Significantly, the record does not include any probative medical evidence or opinion suggesting a causal relationship between the Veteran’s current diabetes mellitus and his service-connected hypertension. In fact, in the January 2019 and October 2019 VA examination reports/medical opinions, the examiners specifically addressed the Veteran’s contentions that his claimed disorder was secondary to his service-connected hypertension. The examiners provided a complete rationale for the stated opinions, citing to a detailed review of the evidence of record as well as medical treatise information. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and there is sound reasoning for the conclusion, not the mere fact that the claims file was reviewed).

The statements from the Veteran are competent evidence as to observable symptomatology, including pain. See Barr, 21 Vet. App. at 307. However, the statements that the Veteran’s claimed diabetes mellitus was related to active service or secondary to service-connected hypertension draw medical conclusions, which the Veteran is not qualified to make. Although lay persons are competent to provide opinions on some medical issues, the etiology of the Veteran’s claimed diabetes mellitus falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau, 492 F.3d at 1377.

Accordingly, the criteria to award entitlement to service connection for diabetes mellitus have not been established, either through medical or probative lay evidence. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim of entitlement to service connection for diabetes mellitus, that doctrine is not applicable. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2020); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. D. Deane, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.