Citation Nr: 1546201 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-32 137 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

E. F. Brandau, Associate Counsel
INTRODUCTION

The Veteran served on active duty from June 1966 to January 1969. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire. These claims were previously remanded in February 2015. 

In August 2013, the Veteran testified at a Board videoconference hearing before a Veterans Law Judge (VLJ). A transcript of that hearing is of record. 


FINDINGS OF FACT

1. The probative, competent evidence does not demonstrate that bilateral hearing loss is causally or etiologically related to active duty service. 

2. The probative, competent evidence does not establish that the Veteran experienced symptoms of bilateral hearing loss since separation from active duty service or that bilateral hearing loss manifested to a compensable degree within one year of separation from active duty service. 

3. The probative, competent evidence demonstrates that tinnitus is causally or etiologically related to active duty service.


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1101, 1110, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2015).

2. The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1101, 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has met all statutory and regulatory notice and duty to assist provisions with respect to the issue decided herein. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). An August 2009 letter satisfied the duty to notify provisions, to include notification of the regulations pertinent to the establishment of an effective date and disability rating. 

The evidence includes the Veteran's service treatment records, VA treatment records, private treatment records, and lay evidence. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Veteran underwent VA examination in connection with his service connection claims for bilateral hearing loss and tinnitus in July 2010 and August 2012. In February 2015, the Board found these examinations and opinions inadequate for purposes of determining service connection and remanded the claims for an additional examination and opinion. Pursuant to the Board's February 2015 remand, the Veteran underwent VA examination again in August 2015 and the VA examiner provided an opinion. Upon review, the Board finds the August 2015 VA examination and opinion sufficient and adequate for the purposes of determining service connection. The VA examiner reviewed the Veteran's relevant medical history and lay testimony, completed a physical examination and other appropriate testing, and provided opinions as to the clinical findings. In addition, the VA examiner provided adequate rationales for the opinions stated, relying on and citing to the records reviewed. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from whether it is factually accurate, fully articulated, and has sound reasoning for the conclusion, not from the mere fact that the claims file was reviewed). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). Additionally, the Board finds that the VA Appeals Management Center substantially complied with the February 2015 remand directives with respect to the issues on appeal. See Stegall, 11 Vet. App. 268.

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103 (c)(2) (2015) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulations. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. In this case, the VLJ asked the Veteran specific questions concerning his symptoms of and treatment for his bilateral hearing loss and tinnitus. The hearing focused on the elements necessary to substantiate the claims, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate the claims. In addition, the Veteran was assisted at the hearing by an accredited representative from Disabled American Veterans. No pertinent evidence that might have been overlooked and that might substantiate the claims was identified by the Veteran, and neither the Veteran nor his representative has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2). 

There is no indication in the record that any additional evidence relevant to the issues decided herein is available and not part of the claims file. See Pelegrini, 18 Vet. App. 112. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield, 20 Vet. App. at 543; see also Dingess/Hartman, 19 Vet. App. at 486.

The Board has thoroughly reviewed all of the evidence in the Veteran's claims file. Although an obligation to provide sufficient reasons and bases in support of an appellate decision exists, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that the entire record must be reviewed, but each piece of evidence does not have to be discussed). The analysis in this decision focuses on the most salient and relevant evidence and on what the evidence shows or fails to show with respect to the matters decided herein. The Veteran should not assume that pieces of evidence not explicitly discussed herein have been overlooked. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (noting that the law requires only that reasons for rejecting evidence favorable to the claimant be addressed).

Service connection may be established for a disability resulting from diseases or injuries which are clearly present in service, or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). The Federal Circuit recently held that continuity of symptomatology under 38 C.F.R. § 3.303(b) applies only to chronic diseases listed in 38 C.F.R. § 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (2013). Both hearing loss and tinnitus are diseases of the nervous system and qualify as chronic diseases under 38 C.F.R. § 3.309. Additionally, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as bilateral hearing loss, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309. 

The Veteran asserts that he has bilateral hearing loss and tinnitus as the result of noise exposure during active duty. Specifically, he contends that he was exposed to noise from working around jet engines as a mechanic and from being exposed to mortar and rocket fires while stationed in Vietnam. After separation the Veteran reported over 40 years of occupational noise exposure while working as a firefighter and refrigerator repairman, but he noted that he wore hearing protection while working in those positions. In contrast, the Veteran noted that he only wore a helmet with earphones while in the military. The Veteran testified at his hearing in August 2013 that he has leisure activities that expose him to noise but that he wears hearing protection. 

The record reflects diagnoses of bilateral sensorineural hearing loss and tinnitus during the pendency of the appeal. Additionally, the Veteran reported experiencing ringing in his ears since service. Such lay testimony is competent to establish the presence of observable symptomatology and "may provide sufficient support for a claim of service connection." Layno v. Brown, 6 Vet. App. 465, 469 (1994). In addition, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303 (2007). The presence of tinnitus is readily identifiable by its features and, thus, is capable of lay observation by the Veteran. Charles v. Principi, 16 Vet. App. 370, 374-75 (2002). As such, the Board finds the Veteran has established current disabilities of tinnitus and bilateral hearing loss for service connection purposes.

With respect to an in-service injury, event, or illness, service treatment records are negative for any complaints of, treatment for, or diagnoses of hearing loss or tinnitus. However, the Veteran's service personnel records indicate that he served as a flight engineer and the Veteran reports that he was regularly exposed to high noise levels during service. The Veteran's descriptions of his noise exposure are consistent with his circumstances of service and are competent and credible. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (2006) (noting that the Board must determine whether lay evidence is credible due to possible bias, conflicting statements, and the lack of contemporaneous medical evidence, although that alone may not bar a claim for service connection). Accordingly, the Board finds the Veteran has established an in-service event for both bilateral hearing loss and tinnitus for the purpose of service connection. 

With respect to a nexus between the Veteran's tinnitus and the in-service noise exposure, the Board affords the Veteran's own statements significant probative value. Upon VA examination in July 2010, the Veteran reported constant ringing in both ears which began during service. Although there was some question as to when the Veteran began experiencing symptoms, the Board finds that the Veteran is competent and credible to report the symptoms of his tinnitus, and that he has consistently reported that it began during service. See Layno, 6 Vet. App. at 469. A veteran's lay statements may be sufficient evidence in any claim for service connection. Given the Veteran's in-service noise exposure and report that he first experienced tinnitus in service, the Board finds the probative, competent evidence demonstrates that tinnitus is causally or etiologically related to active duty service. The Veteran has experienced continuity of symptomatology of tinnitus. Tinnitus is a chronic disease for purposes of 38 C.F.R. § 3.309. See Fountain v. McDonald, 27 Vet. App. 258 (2015). Accordingly, the Board finds the Veteran's current tinnitus had its onset during active duty. Therefore, service connection for tinnitus is warranted. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

For bilateral hearing loss, however, the Veteran has not asserted continuity of symptomatology, and he is not competent to determine whether his hearing loss manifested to a compensable degree within a year of service. That determination requires specialized testing.

With respect to a nexus between the Veteran's current bilateral hearing loss and in-service noise exposure, there are conflicting medical opinions. The Board has the authority to consider the weight and probity of evidence in the light of its own inherent characteristics and its relationship to other items of evidence. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997). In evaluating the probative value of competent medical evidence, the Court has stated that the probative value of medical opinion evidence is based on the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. Further, the credibility and weight to be attached to these opinions are within the province of the adjudicator. See Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). As such, the Board may appropriately favor the opinion of one competent medical authority over another. See Owens v. Brown, 7 Vet. App. 429, 433 (1995); Wensch v. Principi, 15 Vet. App. 362, 367 (2001).

In July 2010, the Veteran underwent VA examination. The VA audiologist diagnosed the Veteran with high frequency mild to moderate sensorineural hearing loss. In his opinion, the VA audiologist noted that the Veteran had a significant post-service history of noise exposure and opined that it was less likely than not that the Veteran's bilateral hearing loss and tinnitus were related to military service. 

In September 2010, the Veteran had an audiologic evaluation with private audiologist Dr. D. Troisi, who noted that the Veteran was a candidate for open ear high frequency hearing aids and that his hearing loss was consistent with noise exposure. Dr. Troisi gave no specific opinion as to the etiology of the Veteran's hearing loss.

In October 2011, private audiologist Dr. E. Floyd provided an opinion based on Dr. Troisi's evaluation indicating that the Veteran had mild to moderate high frequency sensorineural hearing loss bilaterally above 2000 Hz. Dr. Floyd also opined that there was a "50/50" chance that the Veteran's history of noise exposure during military service contributed to the Veteran's current hearing loss. 

In August 2012, the Veteran again underwent VA examination, and the VA audiologist opined that the Veteran's hearing loss was less likely than not caused by military service. The VA audiologist noted that the Veteran's hearing evaluations during service showed normal hearing sensitivity bilaterally and that there was no significant change in hearing at separation from service. The VA audiologist also noted the Veteran's occupations after separation from service exposed him to noise, thereby suggesting an alternative etiology. 

Pursuant to the Board's February 2015 remand, in April 2015 Dr. Floyd provided a subsequent opinion addressing Dr. Troisi's audiologic evaluation. Dr. Floyd also provided a statement clarifying her own previous opinion. Dr. Floyd noted in April 2015 that Dr. Troisi had indicated in September 2010 that the Veteran's hearing loss was consistent with that of a hearing loss caused by noise exposure. Dr. Floyd also noted that her own opinion was consistent with Dr. Troisi's, as they were both based on the same audiologic evaluation. 

Also pursuant to the Board's February 2015 remand, the Veteran again underwent VA examination in August 2015. The VA examiner reviewed the Veteran's present degree of hearing loss, claims file, service and medical history, and related literature. The VA examiner noted the Veteran's hearing testing upon entrance and separation from service was normal, with no change in hearing acuity. The VA examiner cited to medical literature indicating that there was no sufficient scientific basis for the existence of delayed-onset hearing loss as a result of acoustic trauma. As a result, the VA examiner opined that the Veteran's hearing loss was less likely than not a result of the noise exposure experienced while on active duty. 

As it relates to the medical opinions, the Board notes that the VA examinations and opinions from July 2010 and August 2012 both provide an alternate etiology for the Veteran's bilateral hearing loss, but neither opinion cites to relevant medical studies or literature to substantiate the findings. Additionally, neither examiner provided sufficient rationale in the opinions. Based on the minimal rationale as evidenced by the lack of medical support, the Board affords these opinions limited probative weight. 

Additionally, the Board finds that both private audiologists provided limited rationale for their conclusions, and only one of the opinions suggested that there is a chance that the Veteran's hearing loss was attributable to his military service. See Madden, 125 F.3d at 1477; Nieves-Rodriguez, 22 Vet. App. 295 (the probative value of a medical opinion comes from sound reasoning). Dr. Troisi only notes that the Veteran has hearing loss consistent with noise exposure, but does not relate that noise exposure to military service (rather than an intervening cause such as the Veteran's occupations after service). Similarly, Dr. Floyd links the Veteran's hearing loss to noise exposure but does not definitively state a cause or etiology. The Board finds that the language of the private audiologist opinions is too speculative in nature. As such, the Board affords the private audiologist opinions little probative weight. See Madden, 125 F.3d at 1477, Nieves-Rodriguez, 22 Vet. App. at 295. 
Conversely, the Board finds the August 2015 VA opinion deserves highly probative value. First, the VA opinion was not only based on a physical examination of the Veteran, but also a review of the Veteran's claims file, including service treatment records and VA medical records. The August 2015 VA examiner noted that the Veteran's entrance examination showed normal hearing levels, and the opinion noted that there was no significant threshold shift in the Veteran's hearing from the time of enlistment to the time of discharge. Second, the VA examiner specifically commented on the Veteran's relevant medical history, to include his report of symptoms and his post-service exposure to noise while working as a firefighter and refrigerator repairman. Finally, the VA examiner cited to relevant medical studies in the opinion and provided adequate rationale specific to the Veteran's condition to suggest that bilateral hearing loss was not likely related to noise exposure in service. Nieves-Rodriguez, 22 Vet. App. 295. 

The Board acknowledges that the Veteran is competent to describe his symptoms. Buchanan, 451 F.3d 1331. As bilateral hearing loss is considered an organic disease of the nervous system for VA purposes, it is a condition explicitly recognized under 38 C.F.R. § 3.309(a). Therefore, a veteran's statements regarding continuity of symptomatology may be sufficient for purposes of establishing service connection. The Veteran has consistently reported that his symptoms of hearing loss began when he was in active duty service. Nonetheless, the records do not show any complaints of or treatment for hearing loss until his claim began in August 2009, forty years after separation from service. In this case, the Board finds that if a reasonable person were having difficulty hearing, that person would report it to a medical provider. As such, this prolonged period without complaints or treatment is evidence for consideration in determining continuity of symptomology and weighs against the claim herein. See Mense v. Derwinski, 1 Vet. App. 354, 356 (1991). Moreover, this period, along with the normal hearing testing at separation from service, indicates that bilateral hearing loss may not be presumed to have been incurred in service as it did not manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. § 1101, 1112, 1113, 1137; 38 C.F.R. § 3.307, 3.309. 

Finally, a layperson without medical training is not qualified to render a medical diagnosis or medical opinion concerning the etiology of bilateral hearing loss. See Barr, 21 Vet. App. at 307 (noting that lay testimony is competent to establish observable symptomatology but not competent to establish medical etiology or render medical opinions). Here, the evidence does not show that the Veteran possesses the requisite training or credentials needed to render a competent opinion as to the medical causation of bilateral hearing loss. Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). As such, the Veteran's lay opinion does not constitute competent medical evidence and lacks probative value.

Based on the foregoing, the Board finds that the preponderance of the evidence is against a grant of service connection for bilateral hearing loss. In reaching the above conclusion, the Board has considered the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable, and service connection for bilateral hearing loss must be denied. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. at 55-56.


ORDER

Entitlement to service connection for tinnitus is granted.

Entitlement to service connection for bilateral hearing loss is denied.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs